# In the United States Court of Federal Claims

| | |
|---|---|
| REGINA LEWIS,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>    *Defendant.* | No. 23-77<br>(Filed: January 26, 2023) |

*Regina Lewis,* Newburgh, NY, *pro se.*

**ORDER**

**LERNER,** *Judge.*

  Plaintiff, Regina Lewis, appearing *pro se*, filed a complaint in this Court on January 18, 2023, against the Department of the Interior. *See* Compl., Dkt No. 1. In her Complaint, she alleges that Defendant unlawfully refused to acknowledge her status as an indigenous person and failed to provide her the concomitant privileges. *Id*. at 4. This Court lacks jurisdiction over Plaintiff's claims.

**I. Legal Standards**

  The Tucker Act itself does not create a cause of action. "[T]he plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Plaintiffs have the "burden of establishing jurisdiction by a preponderance of the evidence." *Curry v. United States*, 787 Fed. App'x 720, 722 (Fed. Cir. 2019). While courts interpret *pro se* filings leniently, such plaintiffs must still show jurisdiction. *See id.* While *pro se* plaintiffs are afforded greater latitude, this leniency does not absolve them from the obligation to establish jurisdiction. *See Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004).

**II. Discussion**

  Ms. Lewis claims that the Department of the Interior refused to acknowledge her indigenous status and provide her with "aid and assistance for the past four years." Compl. at 4. In part, Ms. Lewis's claims rely on the Indigenous People's Rights Act of 1997. *Id.* This Act is law in the Republic of the Philippines. As such, this Court has no jurisdiction. *Cf. De Archibold*

*v. United States*, 57 Fed. Cl. 29, 34 (2003) ("The law of Panama, a foreign country, cannot act as the waiver of sovereign immunity that is required for Tucker Act jurisdiction in this court."). The Complaint also cites additional authorities, none of which establish jurisdiction. *See Morton v. Mancari*, 417 U.S. 535 (1975) (cited by Plaintiff and narrowly addressing hiring preference in the Bureau of Indian Affairs for indigenous people); *see also* 25 U.S.C.A. § Ch. 45, Protection of Indians & Conservation of Res. (cited by Plaintiff and summarizing statutory protections for Indian Tribes).

Nothing in the Complaint implicates this Court's jurisdiction. If subject matter jurisdiction cannot be established, the Court must dismiss the case. *Adair v. United States*, 497 F. 3d 1244, 1251 (Fed. Cir. 2007).

### III. Conclusion

For the reasons set forth above, this case is **DISMISSED**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because, as alleged, Plaintiff's claims are outside the jurisdiction of this Court and incurable. Plaintiff's Motion for Leave to Proceed In Forma Pauperis is **GRANTED**.

**IT IS SO ORDERED.**

      s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge